**William INGRAM, Plaintiff,**

v.

**Truman LEE, et al., Defendants.**

**Civ. A. No. 92–59–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Aug. 30, 1994.

Fletcher Farrington, Savannah, GA and Dwayne H. Gillis, Douglas, GA, for plaintiff.

William A. Turner, Jr., Valdosta, GA and Berrien L. Sutton, Homerville, GA, for defendants.

### ORDER

OWENS, Chief Judge.

After careful examination of the record, the court has reconsidered its prior orders denying defendant Truman Lee's motion for summary judgment and defendants' motion to strike the sworn statement of Joe Ingram. The "sworn statement" of Joe Ingram was taken before a court reporter in the presence of plaintiff's counsel on January 15, 1993. The court denied defendant Lee's motion for summary judgment on the basis of the January 15, 1993 sworn statement. Ingram's sworn statement, however, directly contradicts his deposition testimony of July 28, 1992.

In *Van T. Junkins & Associates v. U.S. Industries*, 736 F.2d 656 (11th Cir.1984), the Eleventh Circuit Court of Appeals held that "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Associates*, 736 F.2d at 657. Subsequently, in *Lane v. Celotex Corp.*, 782 F.2d 1526 (11th Cir. 1986), the Eleventh Circuit specifically declined to address the issue of "whether a district court should be permitted to disregard a *disinterested witness'* affidavit mere-

ly because it is inconsistent with prior deposition testimony." *Lane*, 782 F.2d at 153.

In the case *sub judice*, the contradictory sworn statement is not that of a completely disinterested witness: Joe Ingram is the plaintiff's brother. Further, Joe Ingram has offered no explanation of the contradictions that exist between his deposition testimony and his sworn statement. Although the Eleventh Circuit has yet to address the issue, the court holds that an interested witness may not create a genuine issue of material fact by providing an affidavit, or sworn statement, that directly contradicts, without explanation, earlier deposition testimony. Accordingly, the court **VACATES** its prior order of January 11, 1994, and hereby **GRANTS** defendants' motion to strike the sworn statement of Joe Ingram. Furthermore, in light of the now uncontradicted deposition testimony of both Joe Ingram and Truman Lee, the court **VACATES** its order of September 2, 1993, and **GRANTS** defendant Truman Lee's motion for summary judgment.

**SO ORDERED.**